IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS F. MOSSER, II | :02-CV-3201 |
| | : |
| (Plaintiff) | : |
| | : |
| vs. | : |
| | : |
| TODD BUSKIRK, STEVE GERMANO | : |
| JIM APGAR, MIKE VOLPE AND | : |
| ED LAMBERT | : |

**NOTICE UNDER LOCAL RULE 7.1(c) & (d)**

Defendants, Todd Buskirk, Steve Germano, Jim Apgar, Mike Volpe and Ed Lambert by and through their counsel, David P. Karamessinis, Esquire of the law firm of Devlin and Devine have filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and along with a supporting brief and have served these documents through regular mail upon plaintiff. Any reply or opposing memorandum is due within fourteen (14) days of                . If no responsive brief is filed within that time period, the Court shall proceed to dispose of the Motion as uncontested.

                                            DEVLIN & DEVINE

                          By: _____
                              David P. Karamessinis, Esquire
                              Attorney for Defendants

                              100 West Elm Street, Suite 200
                              Conshohocken, PA  19428
                              (610) 397-4635

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS F. MOSSER, II | :02-CV-3201 |
| | : |
| (Plaintiff) | : |
| | : |
| vs. | : |
| | : |
| TODD BUSKIRK, STEVE GERMANO | : |
| JIM APGAR, MIKE VOLPE AND | : |
| ED LAMBERT | : |
| (Defendants) | |

**O R D E R**

AND NOW, this     day of    , 2002 upon consideration of defendants, Todd Buskirk, Steve Germano, Jiim Apgar, Mike Volpe and Ed Lambert's Motion to Dismiss per Fed. R. Civ. P. 12(b)(6), said Motion is granted and plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS F. MOSSER, II | : 02-CV-3201 |
| (Plaintiff) | : |
| vs. | : |
| TODD BUSKIRK, STEVE GERMANO JIM APGAR, MIKE VOLPE AND ED LAMBERT | : |
| (Defendants) | : |

**DEFENDANTS, TODD BUSKIRK, STEVE GERMANO, JIM APGAR, MIKE VOLPE AND ED LAMBERT'S MOTION TO DISMISS PER FED. R. CIV. P. 12(b)(6)**

Defendants, Todd Buskirk, Steve Germano, Jim Apgar, Mike Volpe and Ed Lambert (hereinafter referred to as "defendants"), by and through their counsel, David P. Karamessinis, Esquire of the law firm of Devlin and Devine file the within Motion to Dismiss the Complaint Per Fed.R.Civ.P. 12(b)(6) and rely on the attached brief in support thereof.

DEVLIN AND DEVINE

BY: _____
David P. Karamessinis, Esquire
Attorney for Defendants

Suite 200, 100 West Elm Street
Conshohocken, PA  19428
610-397-4635

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS F. MOSSER, II | :02-CV-3201 |
| (Plaintiff) | : |
| vs. | : |
| TODD BUSKIRK, STEVE GERMANO JIM APGAR, MIKE VOLPE AND ED LAMBERT | : |
| (Defendants) | : |

**DEFENDANTS, TODD BUSKIRK, STEVE GERMANO, JIM APGAR, MIKE VOLPE AND ED LAMBERT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PER FED. R. CIV. P. 12(b)(6)**

**I.   FACTS**

On or about June 25, 2002, plaintiff Thomas F. Mosser, II filed suit against various employees of the Northampton County Prison alleging that he was assaulted on two occasions by various defendants.  (See Complaint, "Statement of Claim").  Plaintiff seeks compensatory damages as a result.

Section IV of the Complaint captioned "Administrative Remedies" requires plaintiff to set forth whether he had utilized any administrative remedies prior to filing the suit.  This section of the Complaint is blank and plaintiff has not asserted anywhere in his Complaint that he has exhausted the necessary administrative remedies.

**II.   LEGAL ARGUMENT**

   **A.   STANDARD FOR MOTION TO DISMISS UNDER FED. R.C.P. 12(b)(6).**

Fed. R.C.P. 12(b)(6) provides a method to seek the dismissal of a Complaint "for failure of a pleading to state a claim upon which relief can be granted."  The purpose of a motion to dismiss is to test the legal sufficiency of a Complaint.  Sturm v. Clark, 835 F.2d 1009, 1011 (3d

Cir. 1987). In determining whether to grant a motion to dismiss, the Court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Unger v. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991).

Although a §1983 complaint is not held to a heightened pleading standard, to withstand a motion to dismiss it must still satisfy the requirement set forth in Fed.R.Civ.P. 8(a): "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993); Frederick v. Southeastern Pennsylvania Transportation Authority, 892 F. Supp. 122, 125 (E.D. Pa. 1995). A §1983 Complaint should therefore state facts such as the time and place of the deprivation and the persons responsible, so as to show the elements of the cause of action and to provide defendants with adequate notice of the claims made so they can frame an answer. Id.

While the Court will accept well-pleaded allegations as true for the purposes of the Motion, it will not accept legal or unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. See Meyer v. DeCalb County Georgia, 433 U.S. 25, 27 n.2 (1977).

    **B.    THE COMPLAINT MUST BE DISMISSED SINCE PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REQUIRED UNDER THE PRISON LITIGATION REFORM ACT**

The Prison Litigation Reform Act of 1996 provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies that are available are exhausted." 42 U.S.C. §1997(e)(a)(subsequent history omitted); Booth v. Churner, 531 U.S. 956 (2001). The Third Circuit has interpreted the requirement of

exhaustion to apply to all claims by prisoners housed in any institution. <u>Nyhuis v. Reno</u>, 203 F.3d 65, 67 (3d Cir. 2000); <u>see also</u> <u>Ali Ahmed v. Sromovski, et al.</u>, 103 F. Supp. 2d 838, 842 (E.D. Pa.), 206 F.3d 289, 300 (3d Cir. 2000)). The Court in <u>Nyhuis</u> affirmed the lower Court's granting of a Motion to Dismiss since plaintiffs had not exhausted administrative remedies which were deemed a prerequisite to an action challenging prison conditions. <u>Id</u>.

    Plaintiff's Complaint does not set forth that he exhausted his administrative remedies and the Complaint must be dismissed.

                                    DEVLIN AND DEVINE

                                    BY: _____
                                         David P. Karamessinis, Esquire
                                         Attorney for Defendants

                                         100 West Elm Street, Suite 200
                                         Conshohocken, PA  19428
                                         610-397-4635

Date: _____

## CERTIFICATE OF SERVICE

      I hereby certify that service of a true and correct copy of the enclosed Defendants' Motion to Dismiss plaintiff's Complaint per Fed. R. Civ. P. 12 (b)(6) was sent to plaintiff who is <u>pro se</u> on _____ by United States first-class mail, postage pre-paid.

Thomas Mosser, II
Prison ID#: ███████
c/o Lehigh County Prison
38 North 4th Street
Allentown, PA  18102

                          DEVLIN AND DEVINE

                          By: _____
                               David P. Karamessinis, Esquire
                               Attorney for Defendants

                               100 West Elm Street, Suite 200
                               Conshohocken, PA  19428
                               610-397-4635

Date:  _____