IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS F. MOSSER, II | : | CIVIL ACTION |
| v. | : | |
| TODD BUSKIRK, et al. | : | No. 02-3201 |

**O R D E R**

AND NOW, this 6th day of February, 2003, upon consideration of Plaintiff Thomas F. Mosser's Motion for Appointment of Counsel (Docket No. 12), IT IS HEREBY ORDERED that Plaintiff's Motion is **DENIED**.[1]

BY THE COURT:

_____
HERBERT J. HUTTON, J.

---

[1] On June 19, 2002, this Court issued an Order denying Plaintiff's first Motion for Appointment of Counsel because Plaintiff filed only a one-paragraph letter in support of his motion. Similarly, in the instant motion, Plaintiff again offers only a brief statement providing no details regarding his action. For the reasons discussed below, Plaintiff's Motion must be denied.

While civil litigants do not have a right to appointed counsel, 28 U.S.C. § 1915(e)(1) provides that district courts "may request [that] an attorney represent any person unable to afford counsel." In this circuit, a two-tiered test is applied to determine if counsel should be appointed under this statute. Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993). Under the first part of this analysis, the Court must examine Plaintiff's case to determine whether it has arguable legal or factual merit. Id. at 155. If this threshold determination is established, then the Court must consider additional factors to determine whether the appointment is warranted in the particular case. Id. These factors are: (1) Plaintiff's ability to present his or her case; (2) difficulty of the particular legal issues; (3) degree to which factual investigation is required and the Plaintiff's ability to conduct such investigation; and (4) likelihood that the case will turn on credibility determinations. Id.

Applying these factors, it is clear that Plaintiff's Motion must again be denied. First, the Court finds that Plaintiff's myriad claims may have some merit in fact and law. In his various Complaints, Plaintiff alleges violations of his civil rights ranging from repeated denials of his requests for winter clothing to beatings by prison guards. Even assuming that some of these claims may arguably have merit, however, the Tabron factors require denial of Plaintiff's Motion. First, judging from the nature of his many filings, it appears that Plaintiff is able to adequately present his case. Second, the legal issues involved are not overly complex. Plaintiff is alleging a series of civil rights violations, actionable under 42 U.S.C. § 1983. Prisoners routinely present these types of claims before the courts of this District on a *pro se* basis. Third, there is little need for factual investigation. Plaintiff does not need elaborate discovery to assert his claim. Finally, although credibility determinations often play a key role in cases such as these, the Court does not find this factor, standing alone, supports appointment of counsel. Accordingly, Plaintiff's Motion is denied.